## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEE DRAGO**, | **COMPLAINT** |
| Plaintiff, | |
| vs. | **Jury Trial Demanded** |
| **DB SCHENKER, INC., aka DB SCHENKER LOGISTIC LLC,** | **Docket No.:** |
| Defendant. | |

Plaintiff DEE DRAGO ("Drago" or "Plaintiff"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant DB SCHENKER, INC., aka DB SCHENKER LOGISTIC, INC., ("Schenker" or "Defendant") and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201-209.

3.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.     At all times material hereto, Plaintiff performed non-exempt ocean export organization duties, specifically but not limited to, taking customers' requests for shipments, obtaining and providing them quotes for shipment, obtaining term acceptance from customers and booking exports for customers, as well as various other duties necessary for assisting Defendant's customers with shipping based out of the Defendant's Newark, Essex County, New Jersey, office. Defendant is therefore within the jurisdiction and venue of this Court.

6.     At all times pertinent to this Complaint, Schenker was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Specifically, Schenker routinely uses interstate commerce to move products throughout the states and internationally. Alternatively, Plaintiff worked in interstate commerce, specifically using tools that were moved through interstate commerce in performing her job duties so as to fall within the protections of the Act.

7.     At all times pertinent to this Complaint, Schenker was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). Specifically, Schenker is a leading provider of global and local transport and logistics services with approximately 100,000 employees throughout the world.

## PARTIES

8.      Plaintiff Dee Drago is an adult individual who is a resident of Edison, Middlesex County, New Jersey.

9.      Plaintiff Drago was employed by Defendant Schenker full time as an ocean export facilitator from in or about August 2013, through in or about November, 2017, performing various duties for Schenker in preparation for customers' shipping needs.

10.     Upon information and belief, Defendant Schenker is in the transport and logistics business throughout the State of New Jersey, as well as throughout the country and the world.

11.      Upon information and belief, Schenker's United States operations are headquartered in Freeport, NY.

12.     Upon information and belief, at all times relevant to this Complaint, Schenker employs individuals to perform logistics services on its behalf. Upon information and belief, at all times relevant to this Complaint, Schenker's annual gross volume of sales made or business done was not less than $500,000.00.

13.     At all times relevant to this Complaint, Schenker was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14.     Upon information and belief, Schenker is in the transportation of goods business throughout the United States and across the globe.

## FACTS

15.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for all overtime hours worked in a work week.

16.     Plaintiff Drago routinely worked five (5) days per week and conservatively, on average, sixty-five (75) hours per workweek on behalf of Defendant but was not properly compensated for her overtime hours worked.

17.     Plaintiff Drago was paid an hourly wage of $25.00 for all of her hours worked, but she was not compensated at one and one half times her regular rate of pay for all of her hours worked over forty (40) hours in a work week.

18.     Plaintiff Drago was compensated for some but not all of her overtime hours worked in a work week at one and one half times her regular rate of pay.

19.     Upon information and belief, Defendant did not keep accurate and contemporaneous time records of the hours worked by Plaintiff.

20.     Rather, Schenker condoned a mandatory clock in/out policy upon arrival at work, for lunch daily, and at the end of the scheduled day, even though Plaintiff routinely worked through her lunch shift, and well beyond her scheduled shift each and every day, so as to complete her job duties.

21.     Plaintiff's colleagues and supervisors were aware that Plaintiff was working these "off the clock" hours so as to complete her daily job duties and were further aware that she was not being paid for all of her time worked.

22.     At all times material hereto, Plaintiff performed her duties for the benefit of and on behalf of Defendant.

23.     This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

24.     The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

25.     The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

26.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff, that which she was lawfully entitled to, for all of the hours worked in excess of forty (40) within a work week.

27.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

28.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 27 above.

29.     Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

30.     Defendant knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for Plaintiff's overtime hours worked in a work period.

31.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32.     As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

33.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 32 above.

34.     Defendant's aforementioned conduct is in violation of the NJWHL.

35.     As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

36.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff DEE DRAGO, demands judgment, against Defendant, DB SCHENKER, INC., aka DB SCHENKER LOGISTIC, LLC, for the payment of compensation for all overtime compensation due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 30, 2018                Respectfully submitted,

<u>/s/ Jodi J. Jaffe</u>
Jodi J. Jaffe, Esq.
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
New Jersey Bar No.:  026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 North Harrison Street
Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*